Estate of George C. Smith, Jr., Deceased, Artemas Holmes and Ormand V. Gould, Executors v. Commissioner.
Estate of Smith v. Commissioner
Docket No. 108152.
United States Tax Court
1943 Tax Ct. Memo LEXIS 403; 1 T.C.M. (CCH) 759; T.C.M. (RIA) 43122; March 16, 1943
*403 Raymond J. Walsh, Esq., for the petitioners. Arthur Groman, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined a deficiency of $14,582.67 in 1936 income tax of petitioners' decedent on the sole ground "that the sum of $25,000.00 received by the decedent during the taxable year from the estate of his father as executor's commissions and not reported, represents taxable income." George C. Smith, Jr., the deceased taxpayer, filed his personal income tax return for 1936 in the Third District, New York. He died on April 7, 1937, and petitioners were appointed executors of his estate. A waiver of the statute of limitations was executed February 10, 1940. George C. Smith, Sr., the taxpayer's father, died on April 27, 1933. His will provided: I nominate and appoint my son, GEORGE C. SMITH, JR., and my son-in-law, ARTEMAS HOLMES, Executors of and Trustees under this, my Last Will and Testament, * * *. I give and bequeath to my son, GEORGE C. SMITH, JR., the sum of Twenty-five Thousand Dallars ($25,000), and to my son-in-law, ARTEMAS HOLMES, the sum of Twenty-five Thousand Dollars ($25,000), in case they shall accept th trusts hereunder *404 and prove my Will, the said sums to be received and accepted by them respectively in lieu of commissions as Executors and Trustees. On petition of the taxpayer and Holmes, the will was admitted to probate on May 8, 1933, and letters were issued to them. On May 5, 1936, the taxpayer, as executor, paid himself $25,000, but did not include it in gross income on his return for 1936, which was on a cash basis. He continued to act as such executor and trustee until his death. There is no essential difference between the controlling facts in this proceeding and those in (January 4, 1943), and in . The $25,000 received by the taxpayer was a legacy and not compensation for services, although it was bequeathed upon condition that Smith accept the trust and prove the will. The Commissioner incorrectly included the amount in the taxpayer's income. This decision of the substantive question makes it unnecessary to decide the other question raised by the petitioners as to whether, if the substantive decision went *405 the other way, the assessment would be barred by the statute of limitations. Decision will be entered for the petitioner.